# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE

In re

PARADISE VALLEY HOLDINGS, INC.
d/b/a ACE TV RENTAL
d/b/a CHOICE RENT TO OWN

                Debtor

Case No. 03-34704

G. WAYNE WALLS, TRUSTEE

                Plaintiff

        v.

HARRISON SIGNS, INC.

                Defendant

Adv. Proc. No. 05-3265

## MEMORANDUM ON PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

**APPEARANCES:**  HODGES, DOUGHTY & CARSON, PLLC
   Keith L. Edmiston, Esq.
   Matthew A. Birdwell, Esq.
   Post Office Box 869
   Knoxville, Tennessee 37901-0869
   Attorneys for Plaintiff

   H. REID POLAND, III, ESQ.
   114 Franklin Street
   Clarksville, Tennessee 37040
   Attorney for the Defendant

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

On November 30, 2005, the Plaintiff filed a Complaint to Avoid Preferential Transfers (Complaint), asking the court to avoid, pursuant to 11 U.S.C.A. § 547 (West 2004)[1], a transfer in the amount of $3,753.82 made by the Debtor to the Defendant, Harrison Signs, Inc., on June 13, 2003, and to grant him a judgment in the amount of $3,753.82, together with prejudgment interest, attorneys' fees, and costs to be recovered for the benefit of the Debtor's bankruptcy estate under 11 U.S.C.A. § 550(a) (West 2004). The Defendant filed its Answer to Complaint to Avoid Preferential Transfers (Answer) on December 30, 2005, denying that the transfer in question was fraudulent or preferential, asserting that the Defendant rendered its services to the Debtor on April 14, 2003, which fell outside the scope of the statutes.

Presently before the court is the Motion of G. Wayne Walls, Trustee for Summary Judgment (Motion for Summary Judgment) filed by the Plaintiff on September 13, 2006, arguing that no genuine issues of material fact exist and that he is entitled to a judgment as a matter of law. Accompanying the Motion for Summary Judgment are the Statement of Material Facts Not in Dispute in Support of Motion of G. Wayne Walls, Trustee for Summary Judgment (Statement of Material Facts) and a Memorandum in Support of Motion of G. Wayne Walls, Trustee for Summary Judgment. The Plaintiff also relies upon the Affidavit of Keith L. Edmiston, his attorney, in support of his Motion for Summary Judgment.

The Defendant did not file a response to the Motion for Summary Judgment or to the Statement of Material Facts. Therefore, the court will construe the Defendant's failure to file a

---

[1] The Complaint also references 11 U.S.C.A. § 548 (2004), but the Trustee's action is clearly grounded on § 547.

2

response "to mean that the respondent does not oppose the relief requested by the motion." E.D. Tenn. LBR 7007-1. Additionally, because the Defendant did not respond to the Plaintiff's Statement of Material Facts, "the material facts set forth in the movant's statement will be deemed admitted." E.D. Tenn. LBR 7056-1.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(F) (West 2006).

## I

Pursuant to Rule 201 of the Federal Rules of Evidence, the court takes judicial notice that the following events have occurred during the course of the Debtor's bankruptcy case. The Debtor's bankruptcy case commenced on August 21, 2003, through the filing of an involuntary petition, and an order for relief was entered under Chapter 7 on December 4, 2003. Sterling P. Owen, IV, was appointed as trustee on December 8, 2003, and he served in that capacity until January 26, 2005. On January 26, 2005, the Plaintiff was appointed as interim substitute trustee, and he has served as Chapter 7 Trustee from that date forward. On November 30, 2005, the Plaintiff filed the Complaint initiating this adversary proceeding, seeking to avoid as a preferential transfer a payment in the amount of $3,753.82 made to the Defendant by the Debtor on June 13, 2003, since the payment was made within the ninety-day period immediately preceding the filing of the involuntary bankruptcy petition against the Debtor on August 21, 2003.

The Plaintiff's Statement of Material Facts sets forth the following facts, which the Defendant does not dispute, and which the court deems as admitted. On June 13, 2003, the Debtor remitted $3,753.82 to the Defendant, and the Defendant deposited the funds into its bank account.

3

STMT. OF MATERIAL FACTS, at ¶¶ 1, 2. This payment was received by the Defendant within the ninety days immediately preceding the date on which the order of relief was entered against the Debtor.[2] STMT. OF MATERIAL FACTS, at ¶ 3. The transfer was made for the benefit of the Debtor, which was insolvent at the time the transfer was made, and it constituted payment of an antecedent debt. STMT. OF MATERIAL FACTS, at ¶¶ 4 - 6. The transfer allowed the Defendant to receive more than it would have received in a Chapter 7 liquidation. STMT. OF MATERIAL FACTS, at ¶ 7. The transfer was not followed by new value given to the Debtor by the Defendant, nor was it made within the ordinary course of business or financial affairs of the Defendant and the Debtor. STMT. OF MATERIAL FACTS, at ¶¶ 8, 11. The number of days between the invoice date and the date on which the Defendant received the transfer was inconsistent with the prior course of dealings between the Debtor and the Defendant, and it was inconsistent with the general practice in the Defendant's industry. STMT. OF MATERIAL FACTS, at ¶¶ 9, 10.

Additionally, the following facts as set forth in Mr. Edmiston's Affidavit have not been rebutted and are deemed admitted. In response to a subpoena issued by the Plaintiff, Wells Fargo Bank in Arizona provided certified copies of cancelled checks drawn on the Debtor's bank accounts maintained there. AFF. K. EDMISTON, at ¶¶ 5, 6, 8; EX. 3. Included within those copies was check number 201118 dated June 13, 2003, which was negotiated by the Defendant. AFF. K. EDMISTON, at ¶ 7; EX. 2. As of September 12, 2006, claims have been filed in the Debtor's bankruptcy case totaling $17,679,001.81. AFF. K. EDMISTON, at ¶ 13. The Defendant has not filed a claim. AFF. K.

---

[2] The Plaintiff's Statement of Material Facts incorrectly states that the transfer was received by the Defendant within the ninety-day period immediately preceding the date upon which the order for relief was entered, when, in fact, the order of relief in this involuntary case was not entered until December 4, 2003. Nevertheless, in terms of whether the payment constitutes a preferential transfer, this erroneous statement is not relevant, since it is the date upon which the bankruptcy petition is filed that determines the ninety-day preference period. *See* 11 U.S.C.A. § 547(b).

4

EDMISTON, at ¶ 15.  The dividend to unsecured creditors will be substantially less than 100%.  AFF. K. EDMISTON, at ¶ 14.

Finally, the Plaintiff served the Defendant with Plaintiff's First Requests for Admissions, Interrogatories, and Requests for Production of Documents and Tangible Things (Request for Admissions) on May 11, 2006.  AFF. K. EDMISTON, at ¶¶ 9, 10; Ex. 1.  The Request for Admissions asserted the material statements:

    1.  Separately, with respect to each transfer identified on Exhibit B to the Complaint, admit that you received the transfer during the Preference Period.

    2.  Separately, with respect to each transfer identified on Exhibit B to the Complaint, admit that you had a right to payment based on the obligation owed to you by the Debtor at the time of each transfer.

    3.  Separately, with respect to each transfer identified on Exhibit B to the Complaint, admit that the transfer was to or for the benefit of a creditor.

    4.  Separately, with respect to each transfer identified on Exhibit B to the Complaint, admit that the Debtor was insolvent at the time of the transfer.

    5.  Separately, with respect to each transfer identified on Exhibit B to the Complaint, admit that no new value was extended to the Debtor subsequent to the date on which you received the transfer.

    6.  Separately, with respect to each transfer identified on Exhibit B to the Complaint, admit that the number of days between the invoice date and the date on which you received the transfer was not consistent with the prior course of business dealings between you and the Debtor.

    7.  Separately, with respect to each transfer identified on Exhibit B to the Complaint, admit that the number of days between the invoice date and the date on which you received the transfer was not consistent with the general practice of your industry.

    8.  Separately, with respect to each transfer identified on Exhibit B to the Complaint, admit that the number of days between the invoice date and the date on which you received the transfer was not consistent with the general practice of the Debtor's industry.

> 9. Separately, with respect to each transfer identified on Exhibit B to the Complaint, admit that the transfer was not in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of you and the Debtor.
>
> 10. Separately, with respect to each transfer identified on Exhibit B to the Complaint, admit that the transfer was not made in the ordinary course of business or financial affairs of you and the Debtor.

AFF. OF K. EDMISTON, EX. 1, at 5-7. As of September 13, 2006, the date that Mr. Edmiston executed his Affidavit, the Defendant had not objected or responded to the Request for Admissions. AFF. K. EDMISTON, at ¶ 11.

Rule 36 of the Federal Rules of Civil Procedure states, in material part, that parties may serve upon each other written requests for admissions of the truth of discoverable matters relating to the lawsuit. FED. R. CIV. P. 36. "The party to whom a request for admission is directed has the burden to take some affirmative action either to answer the request or to object to it[ and if not,] . . . the request is deemed admitted." *Anthem Life Ins. Co. v. Izaguirre (In re Izaguirre)*, 166 B.R. 484, 488 (Bankr. N.D. Ga. 1994). Accordingly, the court deems admitted the above statements set forth in the Request for Admissions served upon the Defendant on May 11, 2006.

## II

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c) (applicable to adversary proceedings by virtue of Rule 7056 of the Federal Rules of Bankruptcy Procedure). When deciding a motion for summary judgment, the court does not weigh

the evidence to determine the truth of the matter asserted, but instead, simply determines whether a genuine issue for trial exists. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986).

The moving party bears the initial burden of proving that there are no genuine issues of material fact, thus entitling it to judgment as a matter of law. *Owens Corning v. Nat'l Union Fire Ins. Co.*, 257 F.3d 484, 491 (6th Cir. 2001). The burden then shifts to the nonmoving party to produce specific facts showing a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986) (citing FED. R. CIV. P. 56(e)). The nonmoving party must cite specific evidence and may not merely rely upon allegations contained in the pleadings. *Harris v. Gen. Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). The facts and all resulting inferences are viewed in a light most favorable to the non-moving party, *Matsushita*, 106 S. Ct. at 1356, and the court will decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 106 S. Ct. at 2512. "[O]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 106 S. Ct. at 2510.

### III

Having reviewed the Motion for Summary Judgment, the Statement of Material Facts, Mr. Edmiston's Affidavit, and the exhibits thereto, the court finds that there are no genuine issues of material fact, and the Plaintiff is entitled to judgment as a matter of law. The Complaint seeks to avoid as a preferential transfer a payment in the amount of $3,753.82 made on June 13, 2003, which

occurred within the ninety days immediately preceding the commencement of the Debtor's bankruptcy case. The Plaintiff's cause of action arises under 11 U.S.C.A. § 547(b), which allows Chapter 7 trustees to avoid transfers made by debtors to creditors if all of the following requirements are satisfied:

> (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
>
>> (1) to or for the benefit of a creditor;
>>
>> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>>
>> (3) made while the debtor was insolvent;
>>
>> (4) made—
>>
>>> (A) on or within 90 days before the date of the filing of the petition; or
>>>
>>> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>>
>> (5) that enables such creditor to receive more than such creditor would receive if—
>>
>>> (A) the case were a case under chapter 7 of this title;
>>>
>>> (B) the transfer had not been made; and
>>>
>>> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C.A. § 547(b). The Plaintiff bears the burden of proof as to all five elements. 11 U.S.C.A. § 547(g). Furthermore, as asserted by the Plaintiff in this adversary proceeding, § 547 works in tandem with § 550, which provides, in material part:

8

>   (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section . . . 547 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
>
>> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made[.]

11 U.S.C.A. § 550(a).

To meet the first element of a preference, the Plaintiff must prove that the Defendant is a creditor of the Debtor. The Bankruptcy Code defines creditor as "[an] entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor[,]" 11 U.S.C.A. § 101(10)(A) (West 2004), and it defines claim as "[a] right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured[.]" 11 U.S.C.A. 101(5)(A) (West 2004).

The second element requires proof that the payment in question was made on account of an antecedent debt. Debt is defined by the Bankruptcy Code as "liability on a claim[.]" 11 U.S.C.A. § 101(12) (West 2004). "A debt is antecedent for the purposes of § 547(b)(2) if it is incurred prior to the debtor's alleged preferential transfer." *Peltz v. Edward C. Vancil, Inc. (In re Bridge Info. Sys., Inc.)*, 302 B.R. 41, 45 (Bankr. E.D. Mo. 2003). A debt is incurred "'on the date upon which the debtor first becomes legally bound to pay.'" *Peltz v. New Age Consulting Servs., Inc. (In re USN Comm. Liquidating Trust)*, 279 B.R. 99, 102 (Bankr. D. Del. 2002) (quoting *Hays v. DMAC Invs., Inc. (In re RDM Sports Group, Inc.)*, 250 B.R. 805, 812 (Bankr. N.D. Ga. 2000)).

The third element requires proof that the Debtor was insolvent at the time it transferred the $3,753.82 payment to the Defendant. The Bankruptcy Code defines insolvency as follows:

> (A) with reference to an entity other than a partnership and a municipality, financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation, exclusive of—
>
> > (i) property transferred, concealed, or removed with intent to hinder, delay, or defraud such entity's creditors; and
> >
> > (ii) property that may be exempted from property of the estate under section 522 of this title[.]

11 U.S.C.A. § 101(32) (West 2004). "Insolvency for the federal causes of action is limited to balance sheet insolvency. 'Insolvency . . . is basically a balance sheet test: that is, a debtor is insolvent when the debtor's liabilities exceed the debtor's assets, excluding the value of preferences, fraudulent conveyances and exemptions.'" *Silagy v. Gagnon (In re Gabor)*, 280 B.R. 149, 160 (Bankr. N.D. Ohio 2002) (quoting *Foreman Indus., Inc. v. Broadway Sand & Gravel (In re Broadway Indus., Inc.)*, 59 B.R. 145, 149 (Bankr. S.D. Ohio 1986)). There is a rebuttable presumption that the Debtor was insolvent "on and during the 90 days immediately preceding the date of the filing of the petition." 11 U.S.C.A. § 547(f).

Fourth, the Plaintiff must prove that the payment was made within ninety days immediately preceding August 21, 2003, the date upon which the involuntary petition was filed.

Finally, the Plaintiff must prove that the Defendant received more as a result of the payment than it would have in the ordinary course of the Debtor's Chapter 7 bankruptcy case. This requires the court to "construct a 'hypothetical Chapter 7 case;' i.e., to determine what the [Defendant] would have received in a liquidation." *Still v. Rossville Bank (In re Chattanooga Wholesale Antiques, Inc.)*,

930 F.2d 458, 464 (6th Cir. 1991).  Generally, "[u]nless the estate is sufficient to provide a 100% distribution, any unsecured creditor . . . who receives a payment during the preference period is in a position to receive more than it would have received under a Chapter 7 liquidation." *Chattanooga Wholesale Antiques*, 930 F.2d at 465; *see also Hendon v. Gen. Motors Acceptance Corp. (In re B & B Utils., Inc.)*, 208 B.R. 417, 422 (Bankr. E.D. Tenn. 1997) (holding that when distribution to unsecured creditors will be less than 100%, § 547(b)(5) is satisfied).

The record before the court sets forth sufficient factual statements and evidence to meet all of the requirements necessary to prove that the Debtor's June 13, 2003 payment to the Defendant in the amount of $3,753.82 was made for the benefit of the Defendant on account of an antecedent debt, was made within the ninety days immediately preceding the commencement of the Debtor's bankruptcy case on August 21, 2003, at a time when the Debtor was insolvent, and caused the Defendant to receive more than it would have otherwise received through the liquidation of the Debtor's bankruptcy estate.  Because the payment constituted a preferential transfer, the Motion for Summary Judgment filed on September 13, 2006, shall be granted, and the Plaintiff is entitled to avoid the June 13, 2003 transfer and to a judgment against the Defendant in the amount of $3,753.82.

The Plaintiff has additionally requested prejudgment interest, attorneys' fees, and costs.  "The purpose of awarding pre-judgment interest is to compensate the debtor's estate for the use of funds over the period of time they were wrongfully withheld from the estate. . . . The bankruptcy court is vested with the discretion to award pre-judgment interest." *Yoder v. T.E.L. Leasing, Inc. (In re Suburban Motor Freight, Inc.)*, 124 B.R. 948, 1005 (Bankr. S.D. Ohio 1990).  Prejudgment interest, at the current federal rate prescribed in 28 U.S.C.A. § 1961 (West 2006), accrues from the date of

11

demand on the defendant or the date that the adversary proceeding commenced. *Suburban Motor Freight*, 124 B.R. at 1006; *see also Emerson v. Maples (In re Mark Benskin & Co., Inc.)*, 161 B.R. 644, 651 (Bankr. W.D. Tenn. 1993). The court finds that prejudgment interest is appropriate from November 30, 2005, the date upon which the Complaint was filed. The Plaintiff is not, however, entitled to attorneys' fees because there is no statutory or contractual basis for an award thereof. *See Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997) ("[U]nder the American Rule, absent statutory authorization or an established contrary exception, each party bears its own attorney's fees."); *Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. 2005) ("In Tennessee, courts follow the American Rule, which provides that litigants must pay their own attorney's fees unless there is a statute or contractual provision providing otherwise.").

In summary, the court finds that the Debtor's payment in the amount of $3,753.82 paid to the Defendant on June 13, 2003, was a preferential transfer, and as such, the Plaintiff is entitled to avoid the transfer. The Plaintiff will be granted a judgment in the amount of $3,753.82, plus prejudgment interest from November 30, 2005, to the date of entry of this judgment, to be recovered for the benefit of the Debtor's bankruptcy estate. The costs of this action will be taxed to the Defendant.

A judgment consistent with this Memorandum will be entered.

FILED: October 25, 2006

BY THE COURT

/s/ RICHARD STAIR, JR.

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE